UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

STANLEY McSHAN
5232 West 151st Street
Brookpark, OH 44142

CHRISTOPHER HUNTER
20365 Lorain Road #B3
Fairview Park, OH 44126

TYREE WESLEY
20253 Lorain Road #101
Fairview Park, OH 44126

     PLAINTIFFS,

v.

PROLIFIC MARKETING GROUP LLC
815 Superior Avenue East
Ste. 13V5
Cleveland OH 44114

     DEFENDANT

**COMPLAINT**

**WITH JURY DEMAND**

Plaintiffs Stanley McShan, Christopher Hunter, Tyree Wesley bring this action under

Section 16 of the Fair Labor Standards Act 29 U.S.C. § 216.   Plaintiffs allege and complain

against the above-named Defendant as follows

## INTRODUCTION

1.     This is an action brought by Stanley McShan, Christopher Hunter, and Tyree Wesley (collectively "Plaintiffs") against Defendant, their former employer, for unpaid wages and overtime pursuant to the Fair Labor Standards Act, 29 U.S.C.§ 201, *et seq*. and Ohio Revised Code Chapter 4111.  Plaintiffs were incorrectly treated by Defendant as independent contractors. Plaintiffs were not paid at least minimum wage for all hours worked and were not paid overtime wages for any hours they worked over 40 hours per week, even though they were "non-exempt" employees and thus entitled to such wages under state and federal law.

## JURISDICTION & VENUE

2.     Jurisdiction in this case is based on 28 U.S.C. §§ 1331, 1332 and/or 1337. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. Jurisdiction over the state law claim is pursuant to 28 U.S.C. §1367.

3.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 because:

Defendant: (a) is authorized to conduct business in this district and have intentionally availed themselves of the laws within this district; (b) do substantial business in this district; and (c) is subject to personal jurisdiction in this district.

## PARTIES

4.     Defendant does business as "Prolific Marketing Group".

5.     Defendant's business primarily involves the marketing and sale of cable service as a subcontractor for Time Warner.

6.     Defendant Prolific Marketing Group, LLC. is an Ohio for-profit corporation doing business in Ohio.

7.     Stanley McShan is an adult individual who was employed by the Defendant and treated by Defendant as an independent contractor from approximately October 2015 through October 2016.

8.     Christopher Hunter is an adult individual who was employed by the Defendant and treated by Defendant as an independent contractor from approximately March 2012 through August 2015.

9.     Tyree Wesley is an adult individual who was employed by the Defendant and treated by Defendant as an independent contractor from approximately September 2014 through October 2016.

## FACTS COMMON TO ALL CLAIMS

10. Plaintiffs do not have a contract to perform work for the Defendants for a set period of time.

11. Plaintiffs have the ability to work for Defendant indefinitely, subject to Plaintiffs' right to resign and Defendant right to terminate them.

12. Plaintiffs worked for Defendant going door-to-door with the objective of getting potential customers to apply for Defendant's services and that of Time Warner

13. The work performed by Plaintiffs is the primary way in which Defendant gets customers to apply for their services.

14. At or around the time of hiring, Defendant trains Plaintiffs how to approach potential customers. Plaintiffs were given a written script to use when meeting with the customers.

15. Plaintiffs must adhere to company standards when meeting with potential customers. Plaintiffs are reprimanded by Defendants if there are customer complaints or other issues with the performance of their jobs.

16.     During the majority of the weeks of their employment, Plaintiffs worked at least over 40 hours per week as were required by Defendant.

17.     Defendant expected the Plaintiffs to visit the same and/or a similar number of houses.

18.     Defendant expected the Plaintiffs to have the same and/or similar number of applications filled out in a day.

19.     Defendant decide the geographic area or territory in which Plaintiffs will work in a given day and/or week.

20.     The application is only the first step in signing the potential customer up for the service.

21.     Plaintiffs do not actually sell Defendant's services.

22.     Plaintiffs have no contact with the potential customer after the application is signed.

23.     The sole fact that the potential customer signed the application does not entitle the potential customer to Defendant's service nor is the Defendant legally bound to accept the potential customer for service.

24.    Plaintiffs are then supposed to receive a commission for each customer that is actually signed up and approved for service by Time Warner.

25.    As a result of Defendants' method of compensating Plaintiffs have not always been paid minimum wage for all hours worked in a given week, and in some weeks have not received any pay.

26.    Plaintiffs also never received any overtime pay for the hours they worked over 40 hours per week. Plaintiffs were always only paid a commission and/or another set amount for each of the customers who ultimately purchased Defendant or Time Warner's service.

27.    The exact amounts Plaintiffs' pay was deficient of minimum wage and/or overtime pay in each given week during their employment can be determined in part by Defendant's pay records, which Plaintiffs intend to request during discovery.

28.     Plaintiffs were employees with Defendant.

29.     Plaintiffs were "non-exempt" employees under the state and federal wage and hour law, as nothing about their pay, title, duties, or anything else qualifies them for any exemption under state or federal law.

30.     Non-exempt employees are entitled to a minimum wage for all hours worked and for overtime wages for all hours worked over 40 per week.

31.     Plaintiffs were not paid for all hours worked and were not paid overtime wages for the hours they worked over 40 per week.

## FIRST CLAIM FOR RELIEF

### Violation of Fair Labor Standards Act ("FLSA")

32.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

33.     Defendant is an "employer" covered by the minimum wage and overtime requirements set forth in the Fair Labor Standards Act ("FLSA").

34.     As employees for Defendant, Plaintiffs and the work or worked hours in which they were not paid minimum wage.

35.     As employees for Defendant, Plaintiff work or worked in excess of the maximum weekly hours permitted under the FLSA but were not paid overtime for those excess hours.

36.     Plaintiffs do not qualify for any exemption from the minimum wage and overtime obligations imposed by the FLSA.

37.     Throughout Plaintiffs' employment, Defendant has known that Plaintiffs were employees – not independent contractors – and have known that Plaintiffs are not exempt from the wage and overtime obligations imposed by the FLSA. Defendants have known that it is required to pay Plaintiffs a minimum wage for all hours worked. Defendants have also known that it is required to pay overtime wages at the rate of time and a half to Plaintiffs for hours worked over 40 in any week. In spite of such knowledge, Defendant has willfully withheld and failed to pay the wages and overtime compensation to which Plaintiffs are entitled.

38.     Pursuant to the FLSA, Plaintiffs are entitled to at least minimum wage for all hours worked and for unpaid overtime at a rate of one and one half times their hourly wage. Because of the Defendants' failure to pay such wages was willful pursuant to 28 U.S.C. § 255(a), Plaintiffs are entitled to these wages dating back three years.

39.     The exact amount of compensation, including overtime compensation that Defendant has failed to pay the Plaintiffs is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants, or were not kept by Defendants.

40.     The FLSA requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. Plaintiffs are entitled to review their records of hours worked to determine the exact amount of overtime and minimum wages owed by Defendants. Absent Defendants keeping these records as required by law, Plaintiffs are entitled to submit their information about the number of hours worked.

41.     The Defendants' failure to pay Plaintiffs compensation in accordance with the minimum wage provisions and/or at the lawful overtime rates is not based on good faith or reasonable grounds, or a belief that such failure is not in violation of the FLSA. Therefore, pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to liquidated damages in an amount equal to the compensation and/or overtime which they have not been paid.

42.     Plaintiffs have been required to file this action as the result of Defendants' actions in failing to pay them proper compensation. As such, Plaintiffs are entitled to attorneys' fees and costs incurred pursuant to 28 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF

### Overtime violations under Ohio law

43.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

44.     Defendant is an employer covered by the overtime requirements set forth in Ohio's Minimum Fair Wage Standards Act, Ohio Revised Code Chapter 4111.

45.     As employees for Defendant, Plaintiffs work or worked in excess of the maximum weekly hours permitted under O.R.C. 4111.03, but they were not compensated

46.     Plaintiffs do not qualify for any exemption from the wage and overtime obligations imposed by the Ohio Revised Code.

47.     Pursuant to the Ohio Revised Code, Plaintiffs are entitled to unpaid overtime at a rate of one and one half times their hourly wage for all hours worked over 40 hours per week.

48.     Pursuant to the Ohio Revised Code, Plaintiffs are entitled to unpaid overtime wages dating back two years.

49.     The exact amount of compensation, including overtime compensation that Defendants have failed to pay the Plaintiffs is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant, or were not kept by Defendant.

50.     The Ohio Revised Code requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. Plaintiffs are entitled to review their records of hours worked to determine the exact amount of overtime wages owed by Defendant. Absent Defendant keeping these records as required by law, Plaintiffs are entitled to submit their information about the number of hours worked.

51.     Pursuant to the Ohio Revised Code, Plaintiffs are entitled to attorneys' fees and costs incurred.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment against Defendants as follows:

1.    Awarding Plaintiffs their unpaid wages including overtime wages as to be determined at trial together with any liquidated damages allowed by law;

2.    Enjoining Defendant from engaging in future violations of the state and federal wage and hour laws;

3.    For a judgment against Defendant for all damage, relief, or any other recovery entitled by law.

4.    Awarding Plaintiffs their reasonable costs and attorneys' fees necessarily incurred herein; and

5.    Awarding Plaintiffs such other and further relief as the Court deems just and proper.

Murray Richelson (0021112)
Daniel M. Katz  (0067170)

Attorneys for Plaintiffs

DAVID A. KATZ CO., L.P.A.
842 Terminal Tower
Cleveland, Ohio 44113
Phone: (216) 696-5250
Fax: (216) 696-5256
mrichelson@aol.com
lawdmk@aol.com